UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ANTHONY LUCAS, | ) |
|---|---|
| Plaintiff/Appellant, | ) |
| | ) |
| v. | ) No. 1:16-CV-00493 |
| | ) |
| JIN XIU LIU, | ) |
| Defendant/Appellee. | ) |
| | ) |

MEMORANDUM OPINION

The plaintiff/appellant, Anthony Lucas ("Lucas"), appearing *pro se*, appeals three rulings of the United States Bankruptcy Court for the Eastern District of Tennessee. The first appealed ruling denied appellant's motion for judgment on the pleadings. The second appealed ruling awarded attorney fees against appellant as a discovery sanction. The final appealed ruling dismissed appellant's adversary proceeding with prejudice. The matter has now been fully briefed by the parties, [Docs. 3, 5, and 6][1], and is ripe for disposition. For the reasons set forth below, the appeal will be DISMISSED.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

On August 23, 2012, Jin Xiu Liu, the defendant/appellee, ("Liu") commenced a Chapter 7 bankruptcy case by filing a voluntary petition in the United States Bankruptcy Court in the Eastern District of Tennessee [Br Doc. 1]. Lucas was a named creditor listed as disputed on the Schedule F filing [Br Doc. 21]. On November 28, 2012, Liu was granted a discharge by the bankruptcy

---

[1] Throughout this Opinion, [Doc.] indicates a docket entry in 1:16-cv-493, the bankruptcy appeal before this Court, [AP Doc.] indicates a docket entry in 1:13-ap-1128, the adversary proceeding giving rise to this appeal, and [Br Doc.] indicates a docket entry in 1:12-bk-14316, the underlying bankruptcy action giving rise to the adversary proceeding.

1

court [Br Doc. 42]. After denial of his request to revoke the discharge order [Br Doc. 62], Lucas filed an adversary proceeding against Liu in the United States Bankruptcy Court for the Eastern District of Tennessee on November 25, 2013 [AP Doc. 1]. The appeal before this Court arises from this adversary proceeding.

In his Complaint, Lucas alleged that he had provided advertising, management, and administration services to Liu's business, a restaurant in Nashville, Tennessee, in 2010 and early 2011 [AP Doc. 1]. Further, that sometime in early 2011, Liu closed the restaurant and thereafter filed for bankruptcy [AP Doc. 1]. Lucas filed a claim in the bankruptcy proceeding, and shortly after Liu had been discharged, Lucas "learned that [Liu] had failed to list among her assets in her bankruptcy schedules cash, notes, bank accounts, real estate and a number of valuable assets that she either owned outright or controlled" [AP Doc. 1 at 4]. Lucas alleged that the value of these concealed assets exceeded $600,000, and sought relief in the form of a non-dischargeable money judgment as well as a revocation of Liu's discharge [AP Doc. 1].

On June 26, 2015, Lucas filed a motion for judgment on the pleadings, arguing that a prior Tennessee state court judgment fully satisfied the elements of the doctrines of res judicata and collateral estoppel, entitling Lucas to judgment as a matter of law in the adversary proceeding [AP Doc. 93]. The bankruptcy court denied Lucas's motion on the grounds that Liu had never been served process in the prior state case, and additionally because the state court judgment was never entered against her [AP Doc. 131].

On May 11, 2015, the bankruptcy court entered an order granting the defendant's motion to compel Lucas to respond to discovery requests and to fully comply with the Federal Rules of Civil Procedure [AP Doc. 81]. Also within this order was specific warning to the plaintiff that

2

"[f]ailure to comply with this order may result in sanctions, including an award of attorneys' fees and expenses and/or striking pleadings" [AP Doc. 81 at 2].

On June 6, 2015, Liu filed a second motion to compel discovery [AP Doc. 89]. Lucas also filed a motion to compel discovery responses from the defendant [AP Doc. 83]. The bankruptcy court, in great detail, ordered each party to supplement particular discovery responses completely and with specificity [AP Doc. 128]. Further, the bankruptcy court's order clearly articulated that

> "[t]he parties are warned that failure to comply with the court's discovery order may result in the court issuing sanctions included but not limited to contempt of court, striking the pleadings, directing that certain facts be taken as established, prohibiting the introduction of certain evidence at trial, or dismissing the action"

[AP Doc. 128]. The bankruptcy court declined to grant sanctions against either party [AP Doc. 128].

After the deadline to supplement the discovery requests had passed, Liu filed a motion for discovery sanctions and to dismiss the action against Lucas [AP Doc. 152]. The bankruptcy court granted the defendant's motion for sanctions, awarding the defendant's attorney's fees against Lucas, but declined to dismiss the matter entirely [AP Doc. 173]. The bankruptcy court expressly reiterated its warning to both parties that "failure to comply fully with the court's discovery orders will result in the court imposing further sanctions" [AP Doc. 173 at 2].

On February 8, 2016, Liu's attorney filed an affidavit and itemization of her fees and expenses for pursuing the motion for sanctions totaling $2,314.58 in fees and $110.70 in mileage expenses [AP Doc. 178]. Lucas subsequently filed a motion to alter, amend, or reconsider the court's award of fees [AP Doc. 179]. After consideration, the bankruptcy court issued a memorandum opinion [AP Doc. 192] and order [AP Doc. 193] denying the

plaintiff's motion to reconsider. Lucas was ordered to pay the sum of $2,425.28 to the defendant no later than June 29, 2016 [AP Doc. 194].

On May 31, 2016, Lucas filed a subsequent motion to alter, amend, or reconsider the court's order sanctioning him [AP Doc. 221]. On June 6, 2016, the plaintiff withdrew this motion [AP Doc. 228], but on July 1, 2016, the plaintiff filed a document which stated that his withdrawal of the subsequent motion "was ill-considered, and is revoked" [AP Doc. 240]. In its order, the bankruptcy court noted that although the plaintiff's revival of his motion was procedurally improper, the court afforded him "a certain amount of leniency with the technical aspects of his pleadings" because the plaintiff was proceeding pro se [AP Doc. 247], and considered the plaintiff's motion on its merits. The bankruptcy court determined that the award of sanctions against the plaintiff came "after the plaintiff had failed to obey two prior orders on motions to compel discovery" [AP Doc. 247 at 4]. The bankruptcy court denied the plaintiff's revived motion, and explicitly stated that "plaintiff's continued failure to pay the sanctions is at his peril" [AP Doc. 247].

On August 3, 2016, the bankruptcy court held a hearing considering the defendant's amended motion for contempt [AP Doc. 244] for the plaintiff failing to pay the sanctions. On August 4, 2016, the bankruptcy court entered an order dismissing the adversary proceeding in its entirety with prejudice [AP Doc. 262].

On August 15, 2016, Lucas filed his first motion to alter, amend, or reconsider the order dismissing the proceeding with prejudice [AP Doc. 267]. On September 13, 2016, the bankruptcy court entered an order denying the plaintiff's motion [AP Doc. 267].

On October 7, 2016, Lucas filed a "second supplemental motion to alter or amend" the court's orders awarding sanctions against him as well as dismissing the adversary

4

proceeding [AP Doc. 281]. The bankruptcy court denied plaintiff's second supplemental motion as untimely, stating that the plaintiff had filed his motion more than 14 days after the bankruptcy court's order dismissing the case had entered [AP Doc. 284]. Lucas filed his notice of appeal and statement of election on October 14, 2016 [AP Doc. 290].

II. DISCUSSION

Jurisdiction to hear appeals from a bankruptcy court is conferred by 28 U.S.C § 158. This court reviews a bankruptcy court's findings of fact under a clearly erroneous standard, but conducts a *de novo* review of the bankruptcy court's conclusions of law. *In re Isaacman*, 26 F.3d 629, 630 (6th Cir. 1994). However, dismissal of a bankruptcy case is reviewed for abuse of discretion. *In re DSC, Ltd.*, 486 F.3d 940, 944 (6th Cir. 2007).

Federal Rule of Bankruptcy Procedure 8002 requires an appellant to file its notice of appeal within fourteen days from the entry of judgment. Fed. R. Bankr. P. 8002(a) ("a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed"). However, if a party timely files a motion to alter or amend the judgment under Federal Rule of Bankruptcy 9023, then the time to file an appeal runs for all parties from the entry of the order disposing of such motion. Fed. R. Bankr. P. 8002(b)(1)(B). Unless a notice of appeal is filed as required, the judgment of the bankruptcy court is final because a district court lacks jurisdiction over an appeal that is not timely filed. *See In re LBL Sports Center, Inc.*, 684 F.2d 410, 412 (6th Cir. 1982); *see also Robbins v. Saturn Corp.*, 532 Fed. Appx. 623, 627-28 (6th Cir. 2013); *In re Crider*, No. 98-2376, 2000 WL 191823 at *3 (6th Cir. Feb. 10, 2000); *In re Phoenix Corp.*, No. 96-5024, 1997 WL 415315, at *2 (6th Cir. July 22, 1997); *In re Albers*, 64 B.R. 154, 154 (N.D. Ohio 1986); *Martin v. First Nat. Bank of Massillon*, 573 F.2d 958, 958 (6th Cir. 1978).

Once a party's initial motion is denied, a successive motion for reconsideration does not toll the appeals period if it was not timely served. *See Reed v. Toledo Area Affirmative Action Program for Const. Indus.*, 715 F.2d 253, 254 (6th Cir. 1983); *see also Robbins v. Saturn Corp.*, 532 Fed. Appx. 623, 627 (6th Cir. 2013) (noting that a second post-judgment motion filed beyond the time within which to seek reconsideration of the original judgment does not again toll the running of the time in which to take an appeal because "[t]he time limit would be a joke if parties could continually file new motions, preventing the judgment from becoming final." (quoting *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986))). A motion for a new trial or to alter or amend a judgment must be filed no later than 14 days after entry of judgment. Fed. R. Bankr. P. 9023. The time limits contained in the bankruptcy rules of procedure are to be strictly enforced. *See In re LBL Sports Center, Inc.*, 684 F.2d 410, 411-12 (6th Cir. 1982); *see also Martin v. First Nat. Bank of Massillon*, 573 F.2d 958, 959 (6th Cir. 1978) (holding the District Court was without jurisdiction to review the Bankruptcy Court's decision because the order became final and unreviewable after the time limit to file a notice of appeal had expired).

In the present case, all three of the bankruptcy court's decisions became final and unappealable before the plaintiff filed his notice of appeal. The first appealed order denying the plaintiff's motion for judgment on the pleadings was entered on October 13, 2015 [AP Doc. 131]. This order became final and unappealable before the plaintiff filed his notice of appeal.

The second appealed order granting sanctions against the plaintiff was entered on February 4, 2016 [AP Doc. 173]. Plaintiff filed a timely motion to alter, amend, or reconsider this order [AP Doc. 179], which the bankruptcy court denied on March 14, 2016 [AP Doc. 193]. Therefore, this order also became final and unappealable before the plaintiff filed his notice of appeal.

The bankruptcy court's order dismissing the adversary proceeding with prejudice was entered on August 4, 2016 [AP Doc. 262]. The plaintiff filed a timely motion to alter, amend, or reconsider the court's decision, which was denied on September 13, 2016 [AP Doc. 272]. It was on this date that this order became final, initiating the time for filing a notice of appeal. Because plaintiff filed his notice of appeal on October 14, 2016, his filing was not within 14 days of the entry of the final order. Plaintiff's second supplemental motion to alter, amend, or reconsider [AP Doc. 21] was not timely filed and did not toll the appeals period. For this motion to toll the time to file an appeal, it must have been filed within 14 days of the final order dismissing the case. Fed. R. Bankr. P. 8002. Further, the plaintiff did not file with the bankruptcy court any motion to extend time for appeal pursuant to Rule 8002(d). Therefore, this Court lacks jurisdiction to hear this appeal and must dismiss this case on these grounds.

Although this Court need not reach the merits of this appeal, the Court recognizes the litigious and difficult nature of the discovery stage in this adversary proceeding. The recitation of the record[2] in this Court's Opinion, as well as the bankruptcy court's oral recitation of the history of the proceedings [AP Doc. 268], illuminate this plaintiff's consistent and continued failure to follow the orders of the bankruptcy court. This Court's extensive review of the record has revealed a theme of repeated, willful, and blatant disregard for the instructions and orders of the bankruptcy court by the plaintiff. Further, the plaintiff's representations in his brief to this Court that "there was no warning of any kind, at any time" of the potential for dismissal of his adversary proceeding [Doc. 3 at 2] is wholly inconsistent with the record. The factual history above outlines repeated and explicit warnings by the bankruptcy court that the failure to obey its orders could result in sanctions, including striking the pleadings and dismissal of the case in its entirety. It is undeniable

---

[2] Although the plaintiff failed to file a certified record on appeal as required by Fed. R. Bankr. P. 8009, this Court's referral to the record includes all docket entries in 1:13-ap-1128, the adversary proceeding giving rise to this appeal.

that the plaintiff was on notice that his continued failure comply with the instructions of the bankruptcy court would have serious ramifications.

Further, the record reveals multiple instances where the bankruptcy court could have sanctioned the plaintiff for his failure to obey its direct orders, yet declined to impose any sanctions until absolutely necessary. The bankruptcy court declined to impose sanctions against the plaintiff on two occasions [AP Docs. 81 and 128] of his direct disobedience to the court's orders to compel discovery. It was not until the third time plaintiff was hailed into court for the same reason—continuing to disobey the bankruptcy court's discovery instructions—that sanctions were imposed. However, these sanctions were only an award of attorney's fees for the defendant's reasonable expenses, not an entire dismissal of the case. It was the failure of plaintiff to follow this order for sanctions that drew "the last straw" [AP Doc. 268 at 9]. As such, it is the opinion of this Court that the bankruptcy court's dismissal of this case was well within its discretion.

### III. CONCLUSION

Because the plaintiff did not file a timely notice of appeal, this Court lacks jurisdiction to hear this appeal. Accordingly, the Court will DISMISS this case.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE